# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re* **B.H.**

**No. 19-0836** (Greenbrier County 18-JA-49)

**FILED**
**April 28, 2020**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother A.H., by counsel Carrie F. DeHaven, appeals the Circuit Court of Greenbrier County's August 12, 2019, order terminating her parental rights to B.H.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Brandolyn N. Felton-Ernest, filed a response in support of the circuit court's order and a supplemental appendix. The guardian ad litem, Michael R. Whitt, filed a response on behalf of the child in support of the circuit court's order and a supplemental appendix. On appeal, petitioner argues that the circuit court erred in terminating her parental rights without imposing a less-restrictive dispositional alternative.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In September of 2018, the DHHR filed an abuse and neglect petition against petitioner alleging that her substance abuse impaired her ability to parent the child after Child Protective Services workers discovered petitioner and her boyfriend overdosed on drugs in a parked vehicle with the child inside. The DHHR alleged that the child reported being in the car for three hours before the police arrived. At the adjudicatory hearing in October of 2018, petitioner stipulated that her ongoing substance abuse negatively impacted her ability to parent, and the circuit court adjudicated petitioner as an abusing parent. Subsequently, the circuit court granted petitioner a post-adjudicatory improvement period, the terms of which included completing a parental fitness

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

1

evaluation, submitting to regular drug screening, and completing a long-term inpatient drug rehabilitation program.

Thereafter, petitioner completed her parental fitness evaluation and attended a short-term inpatient rehabilitation program. However, petitioner relapsed, and her supervised visitations with the child were stopped in February of 2019. At the multidisciplinary team meeting held in May of 2019, petitioner stated that she would enroll in another drug detoxification program. However, by the June 10, 2019, status hearing, petitioner had not entered into such a program and appeared to be under the influence of drugs at the hearing. Despite this, the circuit court granted petitioner a post-dispositional improvement period to allow her to complete another drug treatment program. Thereafter, petitioner refused to enter treatment. On June 28, 2019, petitioner represented to the circuit court that she would enter into a drug rehabilitation program immediately after the hearing. Based upon this proffer, the circuit court agreed to permit petitioner to attend the program.

The circuit court held the final dispositional hearing in July of 2019. Petitioner did not appear, but counsel represented her. The circuit court noted that petitioner never enrolled in another drug treatment program, which was a requirement of her post-dispositional improvement period. The DHHR and the guardian argued that petitioner failed to complete the terms of her improvement period and moved to terminate petitioner's parental rights. Based upon the evidence presented, the circuit court found no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future and that terminating petitioner's parental rights was necessary for the child's welfare. Ultimately, the circuit court terminated petitioner's parental rights by order entered on August 12, 2019. It is from the dispositional order that petitioner appeals.[2]

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

---

[2]The father is a nonabusing parent, and the permanency plan for the child is to remain in his father's custody.

On appeal, petitioner alleges that the circuit court erred in terminating her parental rights instead of imposing a less-restrictive dispositional alternative. In support, petitioner argues that the child was placed with his father, and, therefore, termination of her parental rights was not the least-restrictive disposition. We disagree, and note that, on appeal, petitioner cannot establish that the circuit court's findings necessary for termination were in error.

West Virginia Code § 49-4-604(b)(6) permits a circuit court to terminate parental rights upon findings that "there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the welfare of the child. Further, pursuant to West Virginia Code § 49-4-604(c)(3), a situation in which there is no reasonable likelihood that the conditions of abuse and neglect can be substantially corrected includes one in which "[t]he abusing parent . . . [has] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts . . . designed to reduce or prevent the abuse or neglect of the child." Here, the record supports the circuit court's finding that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect, given her untreated addiction and noncompliance during the proceedings. Below, petitioner stipulated that her drug addiction negatively impacted her ability to parent the child. Despite this admission, petitioner's compliance with drug testing was sporadic throughout the proceedings, and she failed to complete a long-term inpatient rehabilitation program as required by the terms of her improvement periods. At disposition, petitioner failed to appear, but the DHHR presented evidence that her supervised visitations with the child were inconsistent and she had not seen the child since February of 2019. Clearly, petitioner failed to follow through with any rehabilitative efforts required by her improvement period and, in fact, makes no claim that she successfully completed the terms and conditions of said improvement periods. Additionally, the record shows that the child's welfare required termination of petitioner's parental rights because her admitted substance abuse prevented her from properly supervising the child. Therefore, sufficient evidence was presented to find that there was no reasonable likelihood that petitioner could correct the conditions of abuse and/or neglect in the near future and that termination of petitioner's parental rights was necessary for the child's welfare.

While petitioner claims that she should have been granted a less-restrictive disposition because the child was placed with his nonabusing father, we have previously held that West Virginia Code § 49-4-604 "permits the termination of one parent's parental rights while leaving the rights of the nonabusing parent completely intact, if the circumstances so warrant." *In re Emily*, 208 W. Va. 325, 344, 540 S.E.2d 542, 561 (2000). Further, "simply because one parent has been found to be a fit and proper caretaker for [the] child does not automatically entitle the child's other parent to retain his/her parental rights if his/her conduct has endangered the child and such conditions of abuse and/or neglect are not expected to improve." *Id*. Moreover,

> "[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, [West Virginia Code § 49-4-604] may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(c)] that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011). Because the circuit court properly found that there was no reasonable likelihood that the conditions of abuse and neglect could be corrected in the near future, a less-restrictive alternative disposition was not warranted. Therefore, we find no error.

Accordingly, the circuit court's August 12, 2019, order is hereby affirmed.

Affirmed.

**ISSUED**:  April 28, 2020


**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison